# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| JESSICA M. KOEPPEN, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) No. 14 cv 2083 EJM |
| HYDRITE CHEMICAL COMPANY and TROY DAVIS, | ) ORDER |
| Defendants. | ) |

This matter is before the court on plaintiffs' resisted motion to remand, filed December 31, 2014. Granted.

Plaintiffs bring this suit concerning an industrial accident involving a release and spill of sulfur dioxide on the premises of defendant Hydrite Chemical Company (Hydrite) on May 29, 2013, in Waterloo, IA. Plaintiff Jessica Koeppen was a welder on the Hydrite premises at the time, employed by Piper Mechanical, Inc., a contractor for Hydrite. Plaintiff alleges she was overcome with sulfur dioxide when a pipe became dislodged and burst during the renovation process under the control of defendant Hydrite, and under the supervision of a defendant originally unknown and identified as John Doe, but subsequently identified as Troy Davis, Regional Operations Manager for Hydrite. Jurisdiction exists, or at least existed at the time of filing of the complaint, under 28 U.S.C. §1332, as the parties are diverse (without later added defendant Troy Davis) and the amount at stake exceeds $75,000 exclusive of fees and costs. The question on the motion for remand is, will the addition of defendant Troy Davis, an Iowa citizen whose citizenship destroys diversity and deprives this court of jurisdiction, be allowed.

Normally, plaintiffs may amend their complaint to add a defendant before trial within 21 days of serving the complaint as a matter of course. Fed.R.Civ.Pro 15(a). But if the case had been removed to federal court and adding a defendant would eliminate diversity jurisdiction and require remand, as here, then 28 U.S.C. §1447(e) applies. That section states:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

Here, the record reveals that defendant Troy Davis was identified and joined as a defendant in good faith and in a reasonably timely fashion, without intent to defeat jurisdiction. Nothing in the record indicates to the contrary. Therefore, the addition of Troy Davis as a defendant was proper. It follows that there is no diversity jurisdiction. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988); Lindsey v. Dillards, Inc. 306 F.3d 596 (8th Cir. 2002.)

It is therefore

ORDERED

Granted. Remanded.

March 23, 2015

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT